[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Willie McLindon was convicted of rape in violation of R.C. 2907.02 in 1984. He was sentenced to ten (actual) to twenty-five years' incarceration. This court affirmed McLindon's conviction in 1992.[1] Shortly before his scheduled release in 1999, the Ohio Department of Rehabilitation and Correction sent a recommendation to the trial court that a hearing be held pursuant to R.C. 2950.09(C) to determine whether McLindon was a sexual predator within the meaning of the statute.[2] The trial court did not find that McLindon was a sexual predator. McLindon was instead classified as a sexually-oriented offender subject to the registration requirements set forth in R.C. 2950.04.[3] McLindon now appeals that classification.
In his first assignment of error, McLindon argues that the trial court did not have jurisdiction to hold a hearing pursuant to R.C. 2950.09(C), because he had been scheduled for parole on March 12, 1999, and the hearing was held on June 18, 1999. This argument is specious. McLindon had not been paroled on March 12, 1999, due to placement problems, and he was still incarcerated at the time that the trial court held its hearing. McLindon's first assignment of error is overruled.
McLindon next argues that the trial court erred in finding him a sexual offender. McLindon's argument is misplaced. The trial court did not adjudicate him a sexual offender; McLindon's classification as a sexually-oriented offender arose by operation of law when he was convicted of a sexually-oriented offense as defined in R.C. 2950.01(D).[4] The trial court's hearing did not affect McLindon's classification or the duties triggered by that classification, since the court declined to adjudicate him a sexual predator. McLindon's status remained the same after the hearing as it was before. McLindon's second assignment of error is overruled.
McLindon's remaining four assignments of error all contest the constitutionality of the sexual-predator statutes contained in R.C. Chapter 2950. We emphasize that McLindon was not classified as a sexual predator, and consequently the notification requirements contained in R.C. 2950.10 and 2950.11 are not applicable to him. Therefore, McLindon's arguments regarding his status as a sexual predator and the constitutionality of the notification procedures triggered by such a classification are completely inapplicable. As for McLindon's arguments regarding the constitutionality of the registration requirements in R.C.2950.04 that are triggered by McLindon's status as a sexually-oriented offender, they have previously been considered and rejected by this court.[5] The Supreme Court of Ohio has upheld the constitutionality of R.C. Chapter 2950 with respect to challenges based on retroactivity.[6] McLindon's third, fourth, fifth and sixth assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________________________ PRESIDING JUDGE HILDEBRANDT
 HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] State v. McLindon (Apr. 15, 1992), Hamilton App. No. C-850868, unreported.
[2] R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
[3] A sexually-oriented offender is someone who has committed a sexually-oriented offense, which is defined in R.C. 2950.01(D)(1) to include a violation of R.C. 2907.02.
[4] State v. Harrod (Oct. 8, 1999), Hamilton App. No. C-990018, unreported.
[5] State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970301, unreported; State v. Pace (May 21, 1999), Hamilton App. No. C-980659, unreported.
[6] State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 112.